UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANIEL Z. STERN, individually, and as Parent and            Civ. Act. No.:  CV 12-2379 (JFB)(ETB)
Natural Guardian of SASHA STERN, a minor

           Plaintiffs,  **DEFENDANT'S COUNTER**
                 **STATEMENT TO PLAINTIFFS'**
   -against-          **RULE 56.1 STATEMENT**

OXFORD HEALTH PLANS, INC.,
                DOCUMENT
           Defendant.  ELECTRONICALLY FILED

-----------------------------------------------------------------X

Pursuant to Rule 56.1 of the Local Civil Rules For the Southern and Eastern Districts of New York, defendant Oxford Health Insurance, Inc., s/h/a Oxford Health Plans, Inc. (hereinafter "Oxford"), by and through its attorneys, Sedgwick LLP, submits this Counter Statement to Plaintiffs' Rule 56.1 Statement dated April 15, 2013, ECF No. 33, as follows:

### PRELIMINARY STATEMENT

Oxford states that it has filed its Rule 56.1 Statement of Material Facts dated February 28, 2013, ECF No. 23, in support of its own motion for summary judgment.  Rather than restating those statements herein, Oxford respectfully refers this Court to Oxford's Rule 56.1 Statement for supplemental facts asserted in opposition to Plaintiffs' motion.

### PRELIMINARY OBJECTIONS

1. Oxford objects to each and every Statement to the extent that Plaintiffs have failed to include citations to record evidence that would be admissible as set forth in Rule 56(e), FED. R. CIV. PROC.

2. Oxford objects to each and every Statement that references evidence that was not identified in Plaintiffs' Rule 26(a) Disclosure, or otherwise, produced in discovery.

3. Oxford objects to each and every Statement to the extent that it references hearsay evidence not attached to a sworn declaration or affidavit made on personal knowledge.

4. Oxford objects to each and every Statement to the extent it relies on information or evidence outside the administrative record to prove Plaintiffs' alleged entitlement to benefits or a procedural irregularity.

5. Oxford objects to each and every Statement to the extent that it treats issues of law as issues of fact.

6. Oxford objects to each and every Statement to the extent that it references "facts" that are not material to the pending motion for summary judgment.

7. Oxford objects to each and every Statement to the extent it is not a short and concise statement.

## RESPONSES

1. Oxford objects to this Statement on the grounds that it is not a short and concise statement. Oxford further objects to this Statement on the grounds that it does not refer to any admissible evidence. Subject to and without waiving the foregoing objections, Oxford denies the Statement, except admits that Sasha Stern was born in April 1998 and has been diagnosed with congenital adrenal hyperplasia ("CAH"). (303, 324).[1]

2. Oxford objects to this Statement on the grounds that parts of the Statement do not refer to any admissible evidence. Subject to and without waiving the foregoing objection, Oxford denies the Statement, except admits that Sasha Stern has been under the treatment with Elizabeth Wallach, M.D., a board certified endocrinologist located in Manhattan and affiliated with Mount Sinai Hospital. (251, 299-304).

3. Denies the Statement, except admits that Dr. Wallach prescribed growth hormone to treat Sasha Stern's short stature in conjunction with CAH. (299-304).

---

[1] The numbers in parentheses refer to the Bates Stamped pages starting with the prefix STERN00__," which were annexed to the Declarations of Rodney Lippold, Maryann Britto and Crystal B. Irby-Soares, filed on February 28, 2013, ECF Nos. 24, 25, and 26.

4. Denies the Statement, except admits that Oxford issued the November 19, 2010 letter to Plaintiffs and refers the Court to the actual document for the correct text (234). (234). Oxford further admits that Plaintiff appealed Oxford's November 19, 2010 benefit determination. (285).

5. Denies the Statement, except admits that Oxford sent Plaintiffs a letter dated December 3, 2010, upholding the initial benefit determination on the grounds that growth hormone replacement therapy ("GHRT") was not Medically Necessary under the Plan for treatment of short stature associated with CAH, and also because Oxford's GHRT Guideline excluded coverage for GHRT to treat short stature associated with CAH. (244).

6. Oxford objects to this Statement on the grounds that parts of the Statement do not refer to any admissible evidence. Subject to and without waiving the foregoing objection, Oxford denies the Statement, except admits Dr. Brian Rose, an Oxford Medical Director board certified in family medicine, issued the determination at the first-level administrative appeal upholding Oxford's initial determination for the reasons set forth in the letter dated December 3, 2010. (143, 244).

7. Denies the Statement, except admits that Oxford issued the December 3, 2010 letter to Plaintiffs, that the Plan's Prescription Drug Rider is a part of the Certificate of Coverage and refers the Court to the actual documents for the correct text. (104-109, 244).

8. Oxford objects to this Statement on the grounds that parts of the Statement do not refer to any admissible evidence. Subject to and without waiving the foregoing objection, Oxford denies the Statement, except admits that the GHRT Guideline, Corporate Policy, PHARMACY 114.17 is part of the NJ Large Liberty Plan Direct for ADP Total Source, Inc. (the "Plan") (287-293; 94) and that Oxford advised Plaintiffs of their administrative appeal rights. (244).

9. Oxford objects to this Statement on the grounds that parts of the Statement do not refer to any admissible evidence. Subject to and without waiving the foregoing objection, Oxford denies the Statement, except admits that Dr. Wallach, on behalf of Sasha Stern, submitted a second level appeal of Oxford's adverse benefit determination. (264).

10. Denies the Statement, except admits that the Oxford issued its determination of Plaintiffs' second-level appeal by letter dated April 14, 2011. (15, 43, 94, 291-292).

11. Oxford objects to this Statement on the grounds that it is not a short and concise statement. Oxford further objects to this Statement on the grounds that parts of the Statement do not refer to any admissible evidence. Subject to and without waiving the foregoing objections, Oxford denies the Statement, except admits that GHRT was not Medically Necessary to treat Sasha Stern's short stature associated with CAH. (15, 43, 94, 291-292). Oxford further admits that Sasha Stern's claim was reviewed by a panel of physicians consisting of a Medical Director who is board certified in internal/emergency medicine and a Medical Director who is board certified in family medicine. (143, 146, 284-285). Oxford further states that Sasha Stern's claim was reviewed by board certified endocrinologist Dr. Kathleen O'Connell. (328).

12. Oxford objects to this Statement on the grounds that it is not a short and concise statement. Oxford further objects to this Statement on the grounds that parts of the Statement do not refer to any admissible evidence. Subject to and without waiving the foregoing objections, Oxford denies the Statement because Plaintiffs incorrectly summarize Oxford's April 14, 2011 letter, and refers the Court to the actual document for the correct text. (251-252). Oxford further denies Plaintiffs' legal argument that coverage for Sasha Stern's GHRT is provided under the Plan's Prescription Drug Rider, and refers the Court to the actual document for the correct text. (104-109).

13. Oxford objects to this Statement on the grounds that it is not a short and concise statement. Oxford further objects to this Statement on the grounds that parts of the Statement do not refer to any supporting admissible evidence. Subject to and without waiving the foregoing objections, Oxford denies the Statement except that it admits that its April 14, 2011 letter stated that GHRT was not Medically Necessary to treat Sasha's short stature associated with CAH and admits that its April 14, 2011 was its final benefit determination. (251-252).

14. Oxford objects to this Statement on the grounds that it is not a short and concise statement. Oxford further objects to this Statement on the grounds that parts of the Statement do not refer to any

admissible evidence. Subject to and without waiving the foregoing objections, Oxford denies the Statement because Plaintiff incorrectly summarizes Oxford's benefit determination letters, and refers the Court to the actual documents for the correct text. (234, 244-245, 251-252).

15. Oxford objects to this Statement on the grounds that it does not refer to any admissible evidence. Oxford further objects to this Statement on the grounds that it references on evidence outside of the administrative record.

16. Oxford objects to this Statement on the grounds that it does not refer to any admissible evidence. Subject to and without waiving the foregoing objections, Oxford denies the Statement. (328).

17. Denies, because Plaintiffs incorrectly summarize the physicians' opinions within the administrative record, and refers the Court to the actual documents for the correct text. (143, 146, 234, 244-245, 251-252, 284-285).

18. Oxford objects to this Statement on the grounds that parts of the Statement do not refer to any admissible evidence. Subject to and without waiving the foregoing objection, Oxford denies the statement, because Plaintiffs incorrectly summarize the physician opinions and Oxford's benefit determination letters, and refers the Court to the actual documents for the correct text. (143, 146, 234, 244-245, 251,-252, 284-285).

19. Oxford objects to this Statement on the grounds that it is not a short and concise statement. Oxford further objects to this Statement on the grounds that parts of the Statement do not refer to any admissible evidence. Oxford further objects to the Statement on the grounds that it is not material or relevant and relies on evidence outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement. (143, 146, 234, 244-245, 251,-252, 284-285).

20. Oxford objects to this Statement on the grounds that it does not refer to any admissible evidence. Subject to and without waiving the foregoing objection, Oxford denies the Statement. (143, 146, 234, 244-245, 251,-252, 284-285).

Dated: New York, New York
       May 6, 2013

                                                Respectfully Submitted,

                                                _s/_____
                                                MICHAEL H. BERNSTEIN (MB 0579)
                                                JOHN T. SEYBERT (JS 5014)
                                                SEDGWICK LLP
                                                225 Liberty Street
                                                New York, New York 10281-1008
                                                Telephone: (212) 422-0202
                                                Facsimile: (212) 422-0925
                                                (Sedgwick File No. 3246-000167)
                                                ***Attorneys for Defendant***
                                                Oxford Health Insurance, Inc. s/h/a/ Oxford Health Plans, Inc.

TO:
Mark R. Osherow (MRO-4718)
Buckingham Doolittle & Burroughs, LLP
5355 Town Center Road
Suite 900
Boca Raton FL 33486
Business Phone: (561) 241-0414
Business E-mail: mosherow@bdblaw.com

**Attorneys for Plaintiff**
*Daniel Z. Stern, individually, and as Parent*
*and Natural Guardian of Sasha Stern, a minor*

## CERTIFICATE OF SERVICE

    I, John T. Seybert, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S COUNTER STATEMENT TO PLAINTIFF'S RULE 56.1 STATEMENT** was served **via ECF and regular mail** on this 6th day of May, 2013, upon the following:

Mark R. Osherow (MRO-4718)
Buckingham Doolittle & Burroughs, LLP
5355 Town Center Road
Suite 900
Boca Raton FL 33486
Business Phone:  (561) 241-0414
Business E-mail:  mosherow@bdblaw.com

*Attorneys for Plaintiff Daniel Z. Stern, individually, and as Parent and Natural Guardian of Sasha Stern, a minor*

Dated:    New York, New York
             May 6, 2013

       _s/_____
       JOHN T. SEYBERT (JS 5014)